IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH HAIRSTON, FA-9174, )
    Petitioner, )
     )
    v. ) 2:12-cv-313
     )
LOUIS FOLINO, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Kenneth Hairston for a writ of habeas corpus be dismissed and because reasonable jurists could not concluded that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Kenneth Hairston has presented a petition for a writ of habeas corpus. Hairston is presently serving a fifty-five to one hundred-ten year sentence imposed following his conviction, by a jury of criminal attempt (rape), firearms violation, terroristic threats, simple assault, resisting arrest, criminal attempt (escape), possession of instruments of a crime, criminal mischief, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, indecent assault and corruption of minors at CP-02-CR-5984-2000, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on February 28, 2002.[1] A timely appeal was not pursued.[2]

However, as reflected on the Docket Sheet of the Court of Common Pleas of Allegheny County, on May 5, 2006 a post-conviction petition was filed and on May 30, 2006, the court granted the petition and reinstated the petitioner's appellate rights.[3] A notice of appeal was filed

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Petition at ¶8.
[3] See: CP-02-CR-8984-2000 which is available on the Pennsylvania Unified Judicial System webportal at http://ujsportal.pacourts.us.

1

on June 20, 2006.[4] On July 3, 2008 the appeal was quashed.[5] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed and denied on September 12, 2008.

A post-conviction petition was filed on February 12, 2010 and on February 24, 2012 petitioner was directed to file an amended petition. That petition is still pending before the court.[6]

The instant petition was executed on March 9, 2012 and in it Hairston contends he is entitled to relief on the following grounds:

1. All claims of constitutional error.[7]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental

---

[4] Id.
[5] See: Superior Court Docket No. 1136 WDA 2006 available at the same website.
[6] See: CP-02-CR-8984-2000.
[7] See: Petition at ¶12.

miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

In the instant case it is apparent that the petitioner is still pursuing his state court remedies and for this reason his petition here is premature.[8] Thus it is subject to dismissal here.

---

[8] However, we also note that under Pennsylvania law the pending post-conviction petition is likely subject to dismissal as being untimely unless the petitioner can demonstrate some exception to the time limitation being imposed. 42 Pa.C.S.A. §9545(b).

Additionally, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, Hairston was denied leave to appeal to the Pennsylvania Supreme Court on September 12, 2008, and thus his conviction became final on December 11, 2008 when the time in which to seek certiorari expired. Gonzalez v. Thaler, U.S. (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until February 12, 2010 or over a year after he could have done so. That petition is still pending.[9] The instant petition was executed on March 9, 2012 thus far in excess of the one year period in which to seek federal relief has expired, and the petition here is time barred.[10]

Thus, for either reason or both the petition here is subject to dismissal. Accordingly, it is recommended that the petition of Kenneth Hairston for a writ of habeas corpus be dismissed and

---

[9] We again observe that in all likelihood that petition will be deemed untimely under Pennsylvania law and therefore was not "properly filed"

[10] This is assuming that the pending post-conviction petition is deemed untimely. However, if this is not the case the petition here is still subject to dismissal for failure to exhaust the available state court remedies.

because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: April 17, 2012

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge