IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KENNETH HAIRSTON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:12-cv-313 |
| | ) | |
| LOUIS FOLINO, et al., | ) | |
| Respondents. | ) | |

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petitioner's motion to alter or amend judgment (ECF 12) be granted; that the amended petition for a writ of habeas corpus (ECF 16) be granted, and that the Commonwealth be directed to reinstate Hairston's appellate rights in the Pennsylvania appellate courts.

II.  Report:

Presently before the Court for disposition is a motion to alter or amend judgment submitted on behalf of the petitioner.

Kenneth Hairston, by his attorney, has submitted an amended petition for a writ of habeas corpus. Hairston is presently serving a 49 to 132 year sentence imposed following his conviction by a jury of criminal attempt (rape), firearms violations, terroristic threats, simple assault, resisting arrest, criminal attempt (escape), possession of instruments of a crime, criminal mischief, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, indecent assault and corruption of minors ("the non-capital charges") at CP-02-CR-8984-2000 and CP-02-CR-9862-2000, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on February 28, 2002. Following the imposition of the non-capital sentence, defense counsel informed the court that the petitioner "desires to have appellate

counsel review the record and file a direct appeal as well as post-sentencing motions" (TT. 2/28/2002 at p.12)[1]. Neither post-sentencing motions nor a timely appeal were pursued.[2]

Later in 2002, Hairston was convicted of capital murder and the instant non-capital conviction was used as one of two aggravating factors resulting in the imposition of the death penalty.[3]

On August 4, 2005, the trial court appointed counsel for the petitioner to perfect an appeal of both convictions. A post-conviction petition was filed on May 8, 2006 alleging ineffective assistance of trial counsel and seeking reinstatement of Hairston's appellate rights nunc pro tunc. Those rights were reinstated on May 30, 2006[4] and a timely notice of appeal was filed. On July 3, 2008 the Superior Court reversed the reinstatement of petitioner's appeal rights in the non-capital case observing that the trial court was statutorily time barred from reinstating Hairston's appellate rights and on December 18, 2008, leave to appeal was denied by the Pennsylvania Supreme Court.[5]

On February 17, 2010, petitioner filed a motion for post-conviction relief.[6] The Court of Common Pleas subsequently appointed counsel to represent him on both the capital and non-capital cases. Almost two years later, on February 29, 2012, the Court of Common Pleas directed Hairston to file an amended petition "if warranted."[7] No such petition was filed.[8] On July 25, 2012, the Court of Common Pleas file a notice of intention to dismiss the post-conviction petition observing that the petition was subject to dismissal for failure to file an amended petition as directed.[9] On September 4, 2012, petitioner through counsel moved to withdraw the post-conviction petition based on the pendency of the instant federal petition.[10]

On March 15, 2012, Hairston, pro se, submitted the original federal habeas corpus petition in this case. On June 4, 2012, the petition was dismissed due to the pendency of the state post-conviction petition as well as being time barred. On June 29, 2012, petitioner through counsel filed the instant motion to alter or amend judgment in light of the Supreme Court decisions in

---

[1] See: ECF No.16, Exhibit A.
[2] See: Amended petition and Exhibit 1a to the answer.
[3] Id. and Exhibit 1b to the answer.
[4] See: Exhibit 1a and Attachment A to Exhibit 6 to the answer.
[5] See: Exhibits 7 and 9 to the answer.
[6] See: Exhibit 10 to the answer.
[7] See Exhibits 1a and 1b to the answer.
[8] Id.
[9] See: ECF No. 21.
[10] See: Exhibit 11 to the answer.

Maples v. Thomas, 132 S.Ct. 912 (2012) and Martinez v. Ryan, 132 S.Ct. 1309 (2012) which allowed for equitable tolling of the procedural default bar where counsel abandoned a defendant. As noted above, the validity of the non-capital conviction is crucial not only to this action but also to the capital sentence where it was introduced as one of the two aggravating factors justifying the imposition of the death penalty.

Pennsylvania requires that claims of ineffective assistance of counsel be raised in post-conviction proceedings. Com. v. Grant, 572 Pa.48, 67 (2002) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review"). Accordingly, we directed the Commonwealth to respond to the motion to alter or amend the June 4, 2012 judgment dismissing the petition.

Two issues present themselves for resolution. The first is whether the instant petition is entitled to equitable tolling of the statute of limitations, and if answered affirmatively whether or not the petitioner is entitled to have his appellate rights reinstated as appropriate relief.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case as demonstrated by the record the petitioner contemplated submission of post-sentence motions and an appeal. However, neither was filed and his conviction became final on March 30, 2002 when the time in which to appeal expired.[11] On August 4, 2005, the trial court appointed counsel for the petitioner, a post-conviction petition was filed on May 6, 2006 and leave to appeal nunc pro tunc was authorized only to be overturned in 2008 as having been improvidently granted under state law. As a result on February 17, 2010, Hairston filed a second post-conviction petition and counsel was appointed to represent him. The latter petition was not acted upon until February 12, 2012, when the trial court granted leave to file an amended petition "if warranted" and when no such amendment was submitted, the court entered an order on July 25, 2012 directing that the petition be dismissed if no amendment was filed within thirty days. The instant petition was executed on March 9, 2012 and the state post-conviction petition was withdrawn.

Prior federal law as set forth in <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) barred a challenge to the adequacy of post-conviction counsel and thus did not provide a basis for seeking federal relief.[12] However, in her opinion for the Court in <u>Maples v. Thomas</u>, at 922-924 (2012), Justice Ginsburg clarified the prior standard writing,

> As a rule, a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) "the state judgment rests on independent and adequate state procedural grounds.'" [[citing cases]]. The bar to federal review may be lifted, however, if "the prisoner can demonstrate cause for the [procedural] default [in state court] and actual prejudice as a result of the alleged violation of federal law." [[citing cases]].
>
> ***
>
> Cause for a procedural default exists where "something *external* to the petitioner, something that cannot fairly be attributed to him [,] … 'impeded [his] efforts to comply with the State's procedural rule.'" [[citing cases]]. Negligence on the part of a prisoner's postconviction attorney does not qualify as "cause" … Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause…
>
> A markedly different situation is presented, however, when an attorney abandons his client without notice, and thereby occasions the default.
>
> ***

---

[11] See: Pa.R.App.P. 903.
[12] See amended petition.

> We agree that, under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him…

There is nothing in the present record demonstrating any basis for the petitioner to have learned that he had been abandoned by counsel.

The Court in <u>Martinez v. Ryan</u>, 132 S.Ct. at 1318 concluded:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceedings for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-to trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit…

The record in the present case discloses that at the time of Hairston's sentencing on February 28, 2002, it was represented by counsel that it was the petitioner's desire to file post-sentence motions and/or pursue an appeal. Neither was ever filed clearly demonstrating abandonment by counsel. On August 4, 2005, counsel was appointed to file an appeal on petitioner's behalf only to have that determination rejected as being untimely by the Superior Court on July 3, 2008 and leave to appeal was denied by the Pennsylvania Supreme Court on December 18, 2008. The abandonment by counsel clearly infringed on petitioner's right to pursue an appeal, as guaranteed by Article V §9 of the Pennsylvania Constitution. See: <u>Smith v. Robbins</u>, 528 U.S. 259, 270 (2000)("impos[ing] constitutional constraints on States when they chose to create appellate review").

In <u>Strickland v. Washington</u>, <u>supra</u>, the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91

(2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

It would appear that despite requests that an appeal be pursued, counsel for the petitioner failed to do so. This abandonment demonstrates ineffectiveness of counsel as guaranteed by the Sixth Amendment. Roe v. Ortega-Flores, 528 U.S. 470, 477 (2000). The prejudice prong of the test is satisfied by the petitioner's total involuntary exclusion from the criminal appellate process. Smith v. Robbins, supra. For this reason, it would appear that the petitioner's conviction became final in violation of applicable federal law as determined by the United States Supreme Court concerning the role of effective assistance of counsel. For this reason, the federal statute of limitations is subject to equitable tolling, so that the merits of the petition can be addressed.[13]

The issue then is what relief, if any, Hairston is entitled to receive here.[14] In Velazquez v. Grace, 2008 WL 1977555 at *2 (3d Cir. May 8, 2008), the Court noted that the appropriate remedy where an applicant has been denied his appellate rights, is reinstatement of those rights ("the Commonwealth correctly asserts that, if successful on this appeal, Velazquez should receive the remedy of reinstatement of his direct appeal rights in the Pennsylvania courts").

---

[13] In doing so we express no opinion on the merits of any issues which Hairston might raise on appeal but merely note that his right to raise those issues should not be barred on procedural grounds when in reality he had requested that an appeal be pursued and counsel abandoned him.

[14] Interestingly is the fact that in reviewing a post-conviction petition in the capital case, the Court of Common Pleas concluded on November 24, 2011 that counsel had been ineffective in failing to file a timely appeal and granted post-conviction relief authorizing the petitioner to file an appeal nunc pro tunc. See: Exhibit 2 to the answer at p.16. This capital conviction appeal was not deemed time barred by the Superior Court.

Accordingly, it is recommended that the petitioner's motion to alter or amend judgment (ECF 12) be granted; that the amended petition for a writ of habeas corpus (ECF 16) be granted, and that the Commonwealth be directed to reinstate Hairston's appellate rights in the Pennsylvania appellate courts.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,<br>
s/ Robert C. Mitchell<br>

Filed: October 15, 2012                                  United States Magistrate Judge